| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>Michael Gerard Fletcher (State Bar No. 070849)<br>  mfletcher@frandzel.com<br>Gerrick M. Warrington (SBN 294890)<br>  gwarrington@frandzel.com<br>FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>1000 Wilshire Boulevard, 19th Floor<br>Los Angeles, CA 90017-2427<br>Telephone: 323-852-1000<br>Fax: 323-651-2577<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| | |
|---|---|
| In re:<br><br>66 on 66 Bar & Grill, LLC | CASE NO.: 6:18-bk-14462-SY[1]<br><br>CHAPTER: 11 |
| In re:<br><br>Golden Crown Properties, LLC<br><br>Affects:<br><br>☐    66 on 66 Bar & Grill, LLC<br><br>☐    Golden Crown Properties, LLC<br><br>☒    Both Debtors<br><br>                                    Debtor(s). | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(REAL PROPERTY)**<br><br>DATE: January 24, 2108<br>TIME:  1:30 p.m.<br>COURTROOM: 302 |
| **Movant:** Pacific Premier Bank | |

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012    ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☒ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 .RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

[1] Jointly Administered With: Case No. 6:18-bk-14466-SY.

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                        Page 1                                                        F 4001-1.RFS.RP.MOTION

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1 (d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: January 3, 2019

FRANDZEL ROBINS BLOOM & CSATO, L.C.
Printed name of law firm (if applicable)

Michael Gerard Fletcher
Printed name of individual Movant or attorney for Movant

/s/ Michael Gerard Fletcher
Signature of individual Movant or attorney for Movant

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                                    F 4001-1.RFS.RP.MOTION

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**
   - [x] Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.
   - [x] Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.
   - [ ] Servicing agent authorized to act on behalf of the Holder or Beneficiary.
   - [ ] Other *(specify):*

2. **The Property at Issue (Property):**[2]
   a. Address:
      *Street address*: 3100 East Andy Devine Avenue
      *Unit/suite number:*
      *City, state, zip code:* Kingman, AZ 86401

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit 4 to Declaration of Jeffrey Rice ("Rice Dec.") filed concurrently herewith).

3. **Bankruptcy Case History:**

   a. A [x] voluntary [ ] involuntary bankruptcy petition under chapter  [ ] 7 [x] 11 [ ] 12 [ ] 13 was filed on *(date)* 5/25/2018.

   b. [ ] An order to convert this case to chapter [ ] 7 [ ] 11 [ ] 12 [ ] 13 was entered on *(date)* _____.

   c. [ ] A plan, if any, was confirmed on *(date)* _____.

4. **Grounds for Relief from Stay:**

   a. [x] Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) [x] Movant's interest in the Property is not adequately protected.

         (A) [x] Movant's interest in the Property is not protected by an adequate equity cushion.
         (B) [x] The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.
         (C) [ ] Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) [ ] The bankruptcy case was filed in bad faith.

         (A) [ ] Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.
         (B) [ ] The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.
         (C) [ ] A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.
         (D) [ ] Other bankruptcy cases have been filed in which an interest in the Property was asserted.
         (E) [ ] The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.
         (F) [ ] Other *(see attached continuation page).*

---

[2] By this Motion, Movant seeks relief from the automatic stay with respect to its interest in the Property and any personal property collateral of the Debtors in which Movant has an interest.

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 3                                F 4001-1.RFS.RP.MOTION

    (3) ☐ (*Chapter 12 or 13 cases only*)

        (A) ☐ All payments on account of the Property are being made through the plan.
☐ Preconfirmation ☐ Postconfirmation plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

        (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

    (4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

    (5) ☐ The Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

    (6) ☒ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.[3]

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy cases affecting the Property.

5. ☐ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

    a. ☐ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ Other (*specify*):

6. **Evidence in Support of Motion:** *(Declaration(s) MUST be signed under penalty of perjury and attached to this motion)*

    a. The REAL PROPERTY DECLARATION on page 6 of this motion.

    b. ☒ Declaration of Jeffrey Rice.

    c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit ___ to the concurrently-filed Request for Judicial Notice.

    d. ☐ Other:

7. ☐ **An optional Memorandum of Points and Authorities is accompanying this motion.**

---

[3] The Debtors and the Bank have entered into a Stipulation Granting the Bank immediate relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2).

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 4    F 4001-1.RFS.RP.MOTION

**Continuation Page**

4.a.(6).   The Debtors and the Bank have entered into a Stipulation Granting the Bank immediate relief from the automatic stay under 11 U.S.C. § 362(d)(1) and (d)(2).

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                  Page 5                                            **F 4001-1.RFS.RP.MOTION**

**Movant requests the following relief:**

1. Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(4).

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

3. ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition actions taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☐ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:

   ☒ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4): If recorded in compliance with applicable state laws governing notices of interests or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

   ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

11. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

12. ☒ If relief from stay is not granted, adequate protection shall be ordered.

13. ☐ See attached continuation page for other relief requested.

Date: January 3, 2019

FRANDZEL ROBINS BLOOM & CSATO, L.C.
Printed name of law firm *(if applicable)*
Michael Gerard Fletcher
Printed name of individual Movant or attorney for Movant

/s/ Michael Gerard Fletcher
Signature of individual Movant or attorney for Movant

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014        Page 6        F 4001-1.RFS.RP.MOTION

# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) Jeffrey Rice                                                                                              , declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

   a. ☐ I am the Movant.

   b. ☒ I am employed by Movant as (*state title and capacity*): Senior Vice President / Deputy Manager of Special Assets

   c. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (*see attached*):

3. The Movant is:

   a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit 2 to Rice Dec.

   b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibits 3-6 to Rice Dec.

   c. ☐ Servicing agent authorized to act on behalf of the:
      ☐ Holder.
      ☐ Beneficiary.

   d. ☒ Other (specify): Movant is the holder of the senior-most perfected security interest in all tangible and intangible assets of the Debtors, existing and after-acquired, and proceeds thereof pursuant to the Commercial Security Agreement (Rice Decl. Exh. 3) and filed UCC-1s (Rice Decl. Exh. 6).

4. a. The address of the Property[4] is:

   *Street address:* 3100 East Andy Devine Avenue
   *Unit/suite no.:*
   *City, state, zip code:* Kingman, AZ 86401

   b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is: Doc #2017003523 (Mohave County Arizona) (Deed of Trust, Rice Decl. Exh. 4).

---

[4] Personal property collateral, rents, and a Liquor License are also included within the Bank's collateral, as described in the Commercial Security Agreement (Rice Decl. Exh. 3) and Assignment of Rents (Rice Decl. Exh. 5).

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                                                  Page 7                                                   **F 4001-1.RFS.RP.MOTION**

5. Type of property (*check all applicable boxes*):
   a. ☐ Debtor's principal residence
   b. ☐ Other residence
   c. ☐ Multi-unit residential
   d. ☒ Commercial
   e. ☐ Industrial
   f. ☐ Vacant land
   g. ☒ Other (*specify*): Personal property collateral described in the Commercial Security Agreement and rents as described in the Assignment of Rents. Rice Decl. Exhs. 3, 5.

6. Nature of the Debtor's interest in the Property:
   a. ☐ Sole owner
   b. ☐ Co-owner(s) (*specify*):
   c. ☐ Lienholder (*specify*):
   d. ☒ Other (*specify*): Golden Crown Properties, LLC ("Golden") owns the real property, hotel, and improvements and 66 on 66 Bar & Grill, LLC ("66 on 66") owns the restaurant that operates within the hotel.
   e. ☒ The Debtor ☒ did ☐ did not list the Property in the Debtor's schedules.
   f. ☐ The Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed. The deed was recorded on (*date*) _____.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☒ other (*specify*) <u>Assignment of Rents and Commercial Security Agreement</u> that encumbers the Property as well <u>as personal property assets of the Debtors and rents</u>.

   a. ☒ A true and correct copy of the document~~s~~ as recorded ~~is~~ are attached as Exhibits <u>3-6 to the Rice Decl.</u>
   b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as <u>Exhibit 1 to Rice Decl.</u>
   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

|   |   | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 4,124,018.37 | $ | $ 4,124,018.37 |
| b. | Accrued interest: | $ 110,723.45 | $ | $ 178,808.36 |
| c. | Late charges: | $ 7,871.60 | $ 2,696.98 | $ 10,568.58 |
| d. | Costs (**Prepetition**: $134.00 loan fees; $117,871.52 SBA Yield Maintenance; $79,099.47 receiver's fees; $19,645.25 foreclosure fees; $4,358.01 foreclosure trustee costs; $4,500.00 appraisal fee; $28,617.36 attorneys' fees and costs, totaling $254,225.61. **Postpetition**: $5,849.03 SBA Yield Maintenance; $139,170.20 Receiver Fees and Attorneys' fees and costs; $5,000.00 AMI; $203,063.29 Bank's Legal fees and costs; $5,500.00 Updated Appraisal; $2,750.00 Bank costs; $570.00 Foreclosure Trustee's Fees; $5,590.00 Forensic Accountant, totaling $367,492.52.) | $ 254,225.61 | $ 367,492.52 | $ 621,718.13 |
| e. | Advances (property taxes, insurance): | $ 41,043.70 | $ | $ 41,043.70 |
| f. | Less suspense account or partial balance paid: | $[     ] | $[     ] | $[     ] |
| g. | TOTAL CLAIM as of (*date*): 12/11/2018 | $ 4,537,882.73 | $ 509,682.07 | $ 5,047,564.80 |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

   a. Notice of default recorded on (*date*) _____ or ☒ none recorded.
   b. Notice of sale recorded on (*date*) <u>2/22/2018</u> or ☐ none recorded.
   c. Foreclosure sale originally scheduled for (*date*) <u>5/31/2018</u> or ☐ none scheduled.
   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.
   e. Foreclosure sale already held on (*date*) _____ or ☒ none held.
   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 8                                F 4001-1.RFS.RP.MOTION

10. Attached *(optional)* as Exhibit ___ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☒ *(chapter 7 and 11 cases only)* Status of Movant's loan:
    a. Amount of current monthly payment as of the date of this declaration: $ N/A_____ for the month of _____ 20___.
    b. Number of payments that have come due and were not made: ___N/A___ Total amount: $ ___N/A___
    c. Future payments due by time of anticipated hearing date *(if applicable)*:
       An additional payment of $ N/A_____ will come due on *(date)* N/A____, and on the ___N/A___ day of each month thereafter. If the payment is not received within ___N/A___ days of said due date, a late charge of $ N/A_____ will be charged to the loan.
    d. The fair market value of the Property is $ N/A_____, established by:[5]
       (1) ☐ An appraiser's declaration with appraisal is attached as ___.
       (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit ___.
       (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit ___.
       (4) ☐ Other *(specify)*:

    e. **Calculation of equity/equity cushion in Property:**
       Based upon ☒ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

|  | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Pacific Premier Bank | $ 4,124,018.83 | $ 5,047,564.80 (Rice Decl.) |
| 2nd deed of trust: | 3100 Andy Devine LLC, assignee of Orangethorpe LLC deed of trust | $ | $ 3,500,000.00 (Rice Decl.) |
| 3rd deed of trust: | John Matthew & ABC Investment Services, Inc. | $ | $ 470,000.00 (Rice Decl.) |
| 4th deed of trust: | Nayan Patel and Ramila Patel | $ | $ 2,000,000.00 (Rice Decl.) |
| Judgment liens: |  | $ | $ |
| Taxes: |  | $ | $ |
| Other: |  | $ | $ |
| **TOTAL DEBT:** $ | 11,017,564.80 |  |  |

    f. Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as and consists of:
       (1) ☐ Preliminary title report.
       (2) ☐ Relevant portions of the Debtor's schedules.
       (3) ☒ Other *(specify)*: Limited Realty Report (Rice Decl. Exh. 7).

    g. ☒ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
       I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ ____N/A (See Footnote 5).__ and is _%_ of the fair market value of the Property.
    h. ☒ **11 U.S.C. § 362(d)(2)(A) - Equity:**
       By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is _N/A (See Footnote 5).___.

---

[5] The Debtors and the Bank have stipulated to relief from stay under sections 362(d)(1) and (d)(2).

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                       Page 9                                       F 4001-1.RFS.RP.MOTION

i. ☒ Estimated costs of sale: $N/A_____ (estimate based upon _____ % of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

   a. A 341(a) meeting of creditors is currently scheduled for *(or concluded on)* the following date: _____.
   A plan confirmation hearing currently scheduled for (or concluded on) the following date: _____.
   A plan was confirmed on the following date (*if applicable*): _____.

   b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
   |---|---|---|---|
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |

   (See attachment for additional breakdown of information attached as Exhibit _____.)

   c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

   | Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
   |---|---|---|---|
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |
   | | | $ | $ |

   d. Postpetition advances or other charges due but unpaid:                               $
   *(For details of type and amount, see Exhibit _____)*

   e. Attorneys' fees and costs:                                                                         $
   *(For details of type and amount, see Exhibit _____)*

   f. Less suspense account or partial paid balance:                                   $[            ]
   TOTAL POSTPETITION DELINQUENCY:                                              $

   g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
   An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

   h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
   $_____ received on (*date*) _____
   $_____ received on (*date*) _____
   $_____ received on (*date*) _____

   i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC. AGENT. TRUSTEE*)

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 10                                    F 4001-1.RFS.RP.MOTION

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (*specify*):


18. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

        1. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        2. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
           Chapter: _____ Case number: _____
           Date filed: _____ Date discharged: _____ Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                         Page 11                                    F 4001-1.RFS.RP.MOTION

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit_____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/3/19 | Jeffrey Rice | /s/ Jeffrey Rice |
|---|---|---|
| Date | Printed name | Signature |

3154316.1 | 100416-0038 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014     Page 12     F 4001-1.RFS.RP.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1000 Wilshire Boulevard, Nineteenth Floor, Los Angeles, CA 90017-2427.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **January 3, 2019** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **David S Catuogno**    david.catuogno@klgates.com
- **Shawn M Christianson**    cmcintire@buchalter.com, schristianson@buchalter.com
- **Christopher Cramer**    secured@becket-lee.com
- **Daniel M Eliades**    daniel.eliades@klgates.com
- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov
- **Michael G Fletcher**    mfletcher@frandzel.com, sking@frandzel.com
- **Sandford L. Frey**    sfrey@leechtishman.com, jabrams@leechtishman.com;dmulvaney@leechtishman.com
- **Joshua P Friedman**    jfriedman@jpfassociates.com
- **Anthony F Giuliano**    afg@pryormandellup.com
- **Everett L Green**    everett.l.green@usdoj.gov
- **Alan Craig Hochheiser**    ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **Gary E Klausner**    gek@lnbyb.com
- **Stuart I Koenig**    Skoenig@leechtishman.com, sfrey@leechtishman.com;jabrams@leechtishman.com
- **Robert A Krasney**    RKrasney@KrasneyLaw.net, Nicole@ExpressEvictions.com;Mark@ExpressEvictions.com
- **Michael B Lubic**    michael.lubic@klgates.com, jonathan.randolph@klgates.com
- **Matteo Percontino**    matteo.percontino@klgates.com
- **Dana M Perlman**    dperlman@perlmanlaw.com, melissa@perlmanlaw.com
- **David S Quintana**    dsquintanalaw@gmail.com, r59992@notify.bestcase.com
- **Michael L Rabb**    mrabb@therabblawfirm.com, paralegal@therabblawfirm.com
- **Scott H Siegel**    ssiegel@laklawyers.com, smcfadden@laklawyers.com;nlessard@laklawyers.com
- **Lindsey L Smith**    lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov
- **Reed S Waddell**    rwaddell@frandzel.com, sking@frandzel.com
- **Gerrick Warrington**    gwarrington@frandzel.com, dmoore@frandzel.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **January 3, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

3154316.1 | 100416-0038

**Debtors:**
66 on 66 Bar & Grill, LLC (overnight mail)
1865 West Redlands Blvd.
Redlands, CA 92373

Golden Crown Properties, LLC (overnight mail)
1865 West Redlands Blvd.
Redlands, CA 92373

**Debtors' Counsel**
Sandford L. Frey (overnight mail)
Leech Tishman Fuscaldo & Lampl, Inc.
200 South Los Robles Avenue
Suite 210
Pasadena, CA 91101

**Judge:**
Hon. Scott Yun (overnight mail)
United States Bankruptcy Court
Central District of California
3420 Twelfth Street, Suite 345
Riverside, CA 92501-3819

**U.S. Trustee**
United States Trustee (overnight mail)
3801 University Avenue
St 720
Riverside, CA 92501

**Other Lienholders:**

Nayan Patel
Ramila Patel
2940 Garretson Av
Corona, CA 92881

ABC Investment Services
c/o Shital Shah
Agent for Service of Process
23341 Golden Springs Drive
#101
Diamond Bar, CA 91765

Nayan and Ramila Patel and ABC Investment Services
c/o Michael L Rabb
The Rabb Law Firm PPLC
101 E Main St Ste G
Bozeman, MT 59715

Suresh Patel
80 Atlantic Avenue
Long Beach, CA 90802

118 Orangethorpe LLC
c/o Suresh Patel, Agent for Service of Process
118 Orangethorpe Avenue
Placentia, CA 92870

Suresh Patel and 118 Orangethorpe LLC
c/o David S Quintana
1000 Town Center Dr Ste 300
Oxnard, CA 93036

**Other Parties in Interest:**

Ramada Worldwide Inc.
c/o Daniel M. Eliades
David S. Catuongo
Matteo Percontino
K&L Gates LLP
One Newark Center, 10th Floor
Newark, NJ 07102

**Top 20 Unsecured Creditors:**

See attached list.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 3, 2019 | David T. Moore | /s/ David T. Moore |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

| | | |
|---|---|---|
| EDD Bankruptcy Group<br>Attn: Officer or Agent<br>POB 826880<br>Sacramento, CA 94280-001 | FRANCHISE TAX BOARD<br>Bankruptcy Section MS A-340<br>POB 2952<br>Sacramento, CA 95812-2952 | |
| INTERNAL REVENUE SERVICE<br>POB 7346<br>Philadelphia, PA 19101-7346 | INTERNAL REVENUE SERVICE<br>300 N. Los Angeles Street<br>Room 5022<br>Los Angeles, CA 90012-3478 | SECURITIES & EXCHANGE COMMISSION<br>444 S. Flower St., #900<br>Los Angeles, CA 90071-2934 |
| Oscar Valdez, Auditor-Controller/Treasurer/Tax Collector<br>SAN BERNARDINO COUNTY<br>268 W. Hospitality Ln.<br>San Bernardino, CA 92415-0018 | CITY OF KINGMAN<br>Attn: Officer or Agent<br>310 N. Fourth Street<br>Kingman, AZ 86401-5860 | CITY OF REDLANDS-TREASURER<br>Attn: Officer or Agent<br>POB 3005<br>35 Cajon Street, #30<br>Redlands, CA 92373 |
| MOHAVE COUNTY TREASURER<br>Attn: Officer or Agent<br>POB 712<br>Kingman, AZ 86402 | American Express National Bank<br>c/o Becket & Lee<br>Attn: Officer or Agent<br>POB 3001<br>Malvern, PA 15355-0701 | Amtax (Ramada)<br>Attn: Officer or Agent<br>736 Inland Center Drive<br>San Bernardino, CA 92408-1806 |
| American Express Bank, FSB<br>c/o Datamark, Inc.<br>Attn: Officer or Agent<br>43 Butterfield Circle<br>El Paso, TX 79906-5202 | Biehl & Biehl, Inc.<br>Attn: Officer or Agent<br>325 E. Fullerton Av<br>Carol Stream, IL 60188 | Booking.com B.V.<br>Attn: Officer or Agent<br>Postbus 1639<br>1000 BP Amsterdam<br>**Netherlands** |
| Booking.com (USA) Inc.<br>112 N. Central Av., Suite 600<br>Phoenix, AZ 85004<br>Attn: Bradley Reising | Booking.com<br>Attn: S. Peterson Credit Control Lead<br>10500 NE 8th St, #1250<br>Bellevue WA 98004 | Capital One<br>Attn: Officer or Agent<br>POB 60599<br>City of Industry, CA 91719-0599 |
| Cedars Management, LLC<br>Attn: Officer or Agent<br>2076 John Wayne Dr<br>Kingman, AZ 86409-3189 | Echo Storage<br>Attn: Officer or Agent<br>POB 6484<br>Kingman, AZ 86402-6487 | Expedia<br>Attn: Officer or Agent<br>POB 847677<br>Dallas, TX 75284-7677 |
| Grand Canyon State Logo Signs<br>Attn: Officer or Agent<br>2039 W. Lewis Av<br>Phoenix, AZ 85009 | Harley Davidson-Kingman<br>Attn: Officer or Agent<br>2501 Beverly Av.<br>Kingman, AZ 86409-3630 | Lamar Advertising Co.<br>Attn: Officer or Agent<br>845 Airpark Dr.<br>Bullhead City, AZ 86429 |
| Libertas Funding, LLC<br>Attn: Officer or Agent<br>382 Greenwich Av.,<br>Suite 2, 2nd Fl.<br>Greenwich, CT 06830-6532 | Marlin Bank<br>Attn: Officer or Agent<br>2795 E. Cottonwood Pkwy, #120<br>Salt Lake City, UT 84121-7092 | Oracle-Opera Cloud<br>Attn: Officer or Agent<br>500 Oracle Parkway<br>Redwood City, CA 94065-1677 |
| Phelps & Moore<br>Attn: Officer or Agent<br>4045 E Union Hills Dr.,<br>Suite A-102<br>Phoenix, AZ 85050 | Shamrock Food Service Co.<br>Attn: Officer or Agent<br>3900 E. Camelback Rd.,#300<br>Phoenix, AZ 85018 | Suddenlink<br>Attn: Officer or Agent<br>POB 742535<br>Cincinnati, OH 45274-2535 |
| Sysco<br>c/o Frank N. White<br>Amall, Golden & Gregory, LLP<br>171 17th St. NW, Suite 2100<br>Atlanta, GA 30363 | UCA General Insurance Service<br>Attn: Officer or Agent<br>POB 649<br>Cypress, CA 90630-0649 | Unisource Gas<br>Unisource Electric<br>Attn: Officer or Agent<br>POB 80079<br>Prescott, AZ 86304-8079 |
| US Foods, Inc.<br>Attn: Officer or Agent<br>4650 W. Buckeye Road<br>Phoenix, AZ 85043 | US Foods, Inc.<br>c/o Gurstel Law Firm<br>9320 E. Raintree Dr.<br>Scottsdale, AZ 85260 | US Bank<br>Attn: Officer or Agent<br>POB 5229<br>Cincinnati, OH 45201-5229 |
| Walker SEO<br>25612 Barton Road<br>Loma Linda, CA 92354 3110 | Wells Fargo Merchant Services<br>1600 Terrell Mill Road, SE,<br>Suite 400<br>Marietta, GA 30067 | Wells Fargo<br>Attn: Officer or Agent<br>POB 29482<br>MAC S4101-08C<br>Phoenix, AZ 85038 9482 |
| Abigail Clough<br>4606 N Freiday Lane<br>Kingman, AZ 86409 7711 | Adeel Kahn<br>1241 N Velie Ct<br>Visalia, CA 93274 | Alissa Cox<br>2715 Northfield Av<br>Kingman, AZ 86409 |

| | | |
|---|---|---|
| Alejandro Fernandez<br>2872 E Casa Bonita<br>Kingman, AZ 86409 | Amy Radigan<br>1227 Fort Beal Dr Apt #4<br>Kingman, AZ 86401 5414 | Annette Dunne<br>2018 E Andy Devine Av<br>Kingman, AZ 86401 |
| Bilel Kaabeche<br>2509 Karen Av<br>Kingman, AZ 86401 6425 | Christian Bone<br>2619 Supera Av<br>Kingman, AZ 86401 5246 | Christopher Brooks<br>2144 Lucille<br>Kingman, AZ 86401 4856 |
| Daniel Geesey<br>3761 Hearne Av<br>Kingman, AZ 86409 | Douglas Bostwick<br>3711 S Shipp Dr<br>Golden Valley, AZ 86413 | Elena Kaligian<br>3100 E Andy Devine Av<br>Kingman, AZ 86401 |
| Erica Walter<br>2175 E Leroy Av<br>Kingman, AZ 86409 | Faith Dubiel<br>2902 N Tanner Street<br>Kingman, AZ 86401 4320 | Filberto Montalvo<br>680 Ridgecrest Dr<br>Kingman, AZ 86409 |
| Florina Bryan<br>3646 Dove Lane<br>Kingman, AZ 86409 2848 | Jamie Nalley<br>2703 Golf Dr<br>Kingman, AZ 86401 3984 | James Hinkley<br>3131 Mark Dr<br>Kingman, AZ 86401 |
| Joel Zubaid<br>11839 Hollis Court<br>Loma Linda, CA 92354 | John Socolovitch<br>John Socolovitch, Jr.<br>1109 Main Street<br>Kingman, AZ 86401 | Joie Dee Masters<br>2002 Club Av<br>Kingman, AZ 86401 |
| Jonathan Muir<br>3078 E Butler Av Apt 1<br>Kingman, AZ 86409 2000 | Jordan Lambert<br>2002 Club Av<br>Kingman, AZ 86401 | Kelly Vasicek<br>3646 Dove Lane<br>Kingman, AZ 86409 2848 |
| Linda Salinas<br>4255 E Cane Ranch Rd<br>Kingman, AZ 86401 7129 | Marci Getzi<br>3325 N Eagle Rock Road<br>Kingman, AZ 86401 | Marina Brown<br>2629 Marlene Av<br>Kingman, AZ 86401 6440 |
| Mercedes Capalby-Grubbs<br>POB 4344<br>Kingman, AZ 86402-4344 | Meghan Stokes<br>538 Third Av<br>Kingman, AZ 86401-6111 | Noble Zubaid<br>Sarwat Zubaid<br>11839 Hollis St.<br>Loma Linda, CA 92354 |
| Misha Dollarhide<br>6843 No. Bank St.<br>Kingman, AZ 86409 | Morgan Lane<br>3131 E Thompson Av<br>Kingman, AZ 86409 | Orlando Virgil<br>2320 E Devlin Av<br>Kingman, AZ 86409 4816 |
| Renee Howland<br>3711 Shipp Dr<br>Golden Valley, AZ 86413 8711 | Samantha Profitt<br>3712 Roosevelt St<br>Kingman, AZ 86409 3242 | Samuel Wilner<br>POB 429<br>Patton, CA 92369 0429 |
| Shelly Blackford<br>3970 Hearne Av.<br>Kingman, AZ 86409 | Valicity Plumley<br>3505 E Shaefer Av<br>Kingman, AZ 85409 2253 | William Schaefer<br>5555 E. 14th St., Apt 412<br>Tuscon, AZ 85711-4556 |
| William Strain<br>2341 Ashfork Av<br>Kingman, AZ 86401 | *David S. Catuogno, Esq.-ECF<br>*Alliance Laundry -ECF Perlman<br>*Amtrust North America- ECF Hochheiser | *Cashbloom, LLC -ECF Friedman<br>*Pacific Premier Bank- ECF --Frandzel<br>*Rapid Financial Services, Inc.<br>--ECF Guilano |
| Achraf Abbas<br>~~116 Tucker Steet Unit 6~~<br>~~Kingman, AZ 86401~~<br>*Returned/Unable to forward* | Casey Hastings<br>~~2355 Lass Av~~<br>~~Kingman, AZ 86409~~<br>*Returned/Unable to forward* | Joseph Moss<br>~~4295 Adams St~~<br>~~Kingman, AZ 86409 2608~~<br>*Returned/Unable to forward* |
| Leonal Lizardi<br>~~2930 E Casa Hermosa~~<br>~~Kingman, AZ 86409~~<br>*Returned/Unable to forward* | Christopher Dunne, Sr<br>~~300 E Andy Devine Av~~<br>~~Kingman, AZ 86401~~<br>*Returned/Unable to forward* | Katrina Thurn<br>~~3170 Harrison St Apt D120~~<br>~~Kingman, AZ 86401 7000~~<br>*Returned/Unable to forward* |